# UNITED STATES DISTRICT COURT
# EATERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | | |
|---|---|---|
| TRACIE KOONTZ | : | *Electronically Filed* |
| PLAINTIFF | : | |
| v. | : | CIVIL ACTION NO.: _____ |
| UPS PARCEL SERVICE | : | |
| AND | : | |
| BRIAN SCHWEINEFUS | : | |
| DEFENDANTS. | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446(a), Defendants, United Parcel Service, Inc. (improperly named United Parcel Services in Plaintiff's Complaint), (hereinafter, "UPS"), and Brian Schweinefus (collectively, "Defendants"), by and through counsel, give notice of removal of the above-captioned action which was previously pending in Fayette Circuit Court of the Commonwealth of Kentucky, to the United States District Court for the Eastern District of Kentucky, Lexington Division. In support, Defendants state as follows:

1.  Plaintiff Tracie Koontz ("Plaintiff") brought an action against Defendants in Fayette Circuit Court, in Fayette County, Kentucky, said action being designated, <u>*Tracie Koontz v. United Parcel Services and Brian Schweinefus*</u>, Civil Action No. 13-CI-206. Fayette Circuit Court is located within the Eastern District of Kentucky, Lexington Division.

2.  UPS was served with the Complaint and Summons on or about January 17, 2013. No other pleading in this action has been received to date by UPS. Plaintiff has also named

Brian Schweinefus as a defendant in this action. Schweinefus was served with the Complaint and Summons on or about January 16, 2013. No other pleading in this action has been received to date by Schweinefus.

3. The Summons and Complaint are the only pleadings, process, or orders that exist in this case to date. Copies of the Summons and Complaint are attached as Exhibit A.

4. As is more fully discussed below, this action is of a civil nature wherein the amount in controversy is certainly more likely than not in excess of $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

5. In her Complaint, Plaintiff asserts claims against her former employer, UPS, for workers' compensation retaliation (KRS 342.197), discrimination based upon a disability or perceived disability (KRS 344), and against Schweinefus personally for retaliation under KRS 344.280.

KRS 344.450 provides, "Any person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained, together with the costs of the law suit. The court's order or judgment shall include a reasonable fee for the plaintiff's attorney of record and any other remedies contained in this chapter."

KRS 342.197(3) provides, "Any individual injured by any act in violation of the provisions of subsection (1) or (2) of this section shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained by him, together with the costs of the law suit, including a reasonable fee for his attorney of record."

In her Complaint, Plaintiff repeatedly asserts she is seeking compensatory damages including, but not limited to amounts for: (1) embarrassment, (2) intimidation, (3) indignity, (4)

lost past and future earnings, (5) severe emotional distress, (6) humiliation, and also (7) attorney's fees. (Complaint, Paragraphs 64, 66, 78, 83, 84, and Relief Paragraphs 1-6)

"There is no doubt that at this point in time damages for humiliation and emotional distress are recoverable as "actual damages" under KRS 344.450." Childers Oil Co., Inc. v. Adkins, 256 S.W.3d 19, 28 (Ky. 2008)

Plaintiff has previously alleged that at the time her employment ended, her average weekly rate of compensation was $583.  In her Complaint, Plaintiff alleges she began other employment around July 30, 2012.  From that point through the end of 2012 is approximately 21 weeks, amounting to approximately $12,443 in lost wages.  In *Proctor v. Swifty Oil Co., Inc*. 2012 WL 4593409, *2 (W.D.Ky. 2012), the court stated it was appropriate to forecast a reasonable amount of time – 72 weeks – before a case could proceed to trial.  That would result in approximately an additional $41,976 in claimed damages.  Also, Plaintiff has clearly alleged "extreme emotional distress" and claims compensation for that element, as well as for humiliation and embarrassment, and statutory attorney's fees.  In cases like these, the federal courts in Kentucky have recognized it is a "near certainty" that the amount in controversy exceeds the jurisdictionally required amount.  *Id*. at *3, citing *Egan v. Premier Scales & Sys*., 237 F.Supp.2d 774, 776 (W.D.Ky. 2002)("'Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement' where the 'Plaintiff alleges termination due to age and sex discrimination, lost wages, benefits, humiliation, and embarrassment; and willful, malicious, and outrageous conduct.'")

6. Plaintiff alleges she is a citizen of Kentucky.  Neither Defendant UPS nor Defendant Schweinefus are citizens of Kentucky.  Defendant UPS is incorporated in Ohio, with its principal place of business in Georgia.  Defendant Schweinefus, believed by the Defendants to have been fraudulently joined as a party to prevent the necessity of filing in federal court,

nevertheless is a citizen and resident of Ohio, and has lived at: 960 Tarragon Lane, Milford, Ohio 45150, for approximately over three years. (See Attachment B). Complete diversity exists between the parties.

7. Even if Schweinefus were somehow deemed to be a citizen of Kentucky – which he denies – complete diversity would still exist because his joinder to this case was fraudulent. Plaintiff has not plead a viable cause of action against Schweinefus. Count III is the only claim brought against Schweinefus in his individual capacity. Count III is brought under KRS 344.280 for alleged retaliation. Specifically, KRS 344.280 provides, in relevant part, as follows:

> It shall be an unlawful practice for a person, or for two (2) or more persons to conspire:
> (1) To retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter[.]

Plaintiff's complaint does not allege that Schweinefus retaliated against Plaintiff for engaging in activity protected by KRS 344.280. Plaintiff's Complaint does not allege she even engaged in activity protected by KRS 344.280. Paragraph 86 of Plaintiff's complaint states, "Because of her actual or perceived disability…" Schweinefus allegedly discriminated against her. In effect, Plaintiff is simply alleging that Schweinefus unlawfully denied Plaintiff an accommodation. However, that is not retaliation against protected activity, but instead is simply an employment decision which, at the most, and which UPS does not admit, could amount to a violation of KRS 344.040. But there is no individual liability for violations of that statute. See e.g. *Wathen v. General Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997).

8. The Court has original jurisdiction of this action under 28 U.S.C. § 1332, in that there is complete diversity of citizenship between all parties.

9. This Notice of Removal is made and filed within 30 days of receipt by the Defendants, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which this action is based, as provided by 28 U.S.C. § 1446(b).

PLEASE TAKE FURTHER NOTICE that the Defendants, upon filing this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Kentucky, has also filed copies of this Notice of Removal with the Clerk of the Fayette Circuit Court and a copy of this Notice of Removal will be served on opposing counsel, pursuant to 28 U.S.C. § 1446(d).

This case is removable by reason of diversity of citizenship.

Because the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and because all other prerequisites for removal of this case to federal court have been fulfilled, this matter is hereby removed to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. §§ 1441, 1446.

Respectfully submitted this 5th day of February, 2013.

/s/ David L. Hoskins
David L. Hoskins
dhoskins@fbtlaw.com
FROST BROWN TODD LLC
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Telephone:  (502) 589-5400
Facsimile:   (502) 581-1087
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 5th, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas Bennett Clark – clarklawoffice@alltel.net (*Attorney for Plaintiff*)

                                                /s/ David L. Hoskins
                                                David L. Hoskins
                                                FROST BROWN TODD LLC
                                                400 West Market Street, 32nd Floor
                                                Louisville, KY 40202-3363
                                                Telephone:  (502) 589-5400
                                                Facsimile:   (502) 581-1087
                                                *Attorney for the Defendants*